UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HERIBERTO PALACIO,                                :
                                                  :
                              Plaintiff,          :
         -against-                                :
                                                  :
THE CITY OF NEW YORK,                             :    04 Civ. 1990  (RJH)
ROBERT MORGANTHAU [sic],                          :
JUDGE BONNIE WITTNER,                             :    **OPINION AND ORDER**
CHRYSLER FINANCIAL CO. LLC,                       :
JACKIE ELFE,                                      :
FRANKLIN DAVIS,                                   :
GLEN[N] CARBONI,                                  :
JOEL PASHCOW,                                     :
LINDA SIMMONS,                                    :
1833 SEVENTH AVENUE CO.,                          :
IRVIING LANGER [sic],                             :
GALIL, L.L.C.,                                    :
                                                  :
                              Defendants.         :
------------------------------------------------------------x

Plaintiff Heriberto Palacio appeals certain rulings made by United States Magistrate Judge Douglas F. Eaton in Memorandum and Orders dated January 18, 2006, May 3, 2006, May 11, 2006, and June 19, 2006.  The challenged rulings: (i) permitted service on only six of the defendants named in the Second Amended Complaint; (ii) denied plaintiff's motion for permission to take an interlocutory appeal to the United States Court of Appeals for the Second Circuit; (iii) denied plaintiff's motion for judicial solicitude in locating defendants Jackie Elfe and Franklin Davis; (iv) directed plaintiff to execute a "Designation of Agent for Access to Sealed Records Pursuant to NY CPL § 160.50" and send it to municipal defendants' counsel; (v) denied plaintiff's motion to amend and/or supplement his Second Amended Complaint; (vii) dismissed plaintiff's claims against defendants Jackie Elfe and Franklin Davis; and (vii) denied plaintiff's

request for appointed counsel.  In addition, plaintiff challenges Chief Judge Michael Mukasey's dismissal of certain claims and defendants.

## Background

Plaintiff, acting *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging, inter alia, that defendants conspired to wrongfully arrest him, prosecute him, retaliate for the exercise of his constitutional rights, damage or steal his property, and deny him due process with regard to property seized pursuant to his arrest.  The events arise from an ultimately aborted investigation of plaintiff for the homicide of his girlfriend, and the seizure of his property and automobile pursuant to that investigation.  On March 15, 2004, Chief Judge Mukasey entered an order **[4]** (i) dismissing all of plaintiff's claims against Judge Bonnie Wittner, New York District Attorney Robert Morgenthau, 1833 Seventh Avenue Co., Irving Langer, Galil L.L.C. and Chrysler Financial Co. L.L.C.; (ii) dismissing plaintiff's claims for false arrest, false imprisonment, malicious prosecution, conspiracy, retaliation, and damages for deprivation of property; and (iii) granting plaintiff leave to amend his complaint "in order to detail his claims that defendants violated his due process rights in failing to provide him adequate notice and opportunity to be heard regarding plaintiff's claiming of his seized property," and in order to detail his claims regarding an alleged wrongful municipal policy or custom.

On July 26, 2004, plaintiff filed an amended complaint **[7]** that failed to comply with Judge Mukasey's March 15, 2004 order, giving some limited additional details as to the claims Judge Mukasey granted him leave to amend, but entirely failing to remove the claims and defendants that Judge Mukasey had dismissed, and adding new ones that were subject to dismissal for the same reasons elucidated in the order.  Therefore, on March,

25, 2005, Judge Mukasey entered an order **[9]** directing plaintiff to submit a second amended complaint. After requesting several extensions, plaintiff filed a Second Amended Complaint **[14]** on October 3, 2005. On its face, the Second Amended Complaint still failed to comply with Judge Mukasey's original order. Nonetheless, the case was transferred to this Court on November 3, 2005, and on December 23, 2005, the Court entered an order **[18]** referring the case to Magistrate Judge Eaton for general pre-trial supervision. A tortuous series of written exchanges followed between plaintiff and Judge Eaton that culminated in this appeal.

On January 18, 2006, Judge Eaton entered a Memorandum and Order **[19]** permitting service upon the six defendants against whom plaintiff's claims were not explicitly dismissed by Judge Mukasey: the City of New York, Jackie Elfe, Franklin Davis, Glen Carboni, Linda Simmons, and Joel Pashchow. Plaintiff subsequently filed an "Omnibus Motion" **[21]** on February 23, 2006 seeking: (i) reconsideration of Judge Eaton's January 18, 2006 order; (ii) permission to appeal the order to the Court of Appeals for the Second Circuit; (iii) judicial solicitude in locating certain defendants; and (iv) an enlargement of time in which to serve defendants Elfe, Davis and Pashcow. Plaintiff filed another motion **[30]**, dated April 19, 2006, but not received by the court until May 8, 2006, requesting permission to supplement his Second Amended Complaint by adding causes of action and defendants.

By order **[27]** dated May 3, 2006, Judge Eaton: (i) denied reconsideration of his January 18, 2006 order; (ii) denied plaintiff's motion for permission to take an interlocutory appeal; (iii) denied plaintiff's motion for judicial solicitude in finding and an enlargement of time for serving defendants Elfe and Davis, who Judge Eaton found

3

were not state actors, but allowed plaintiff an opportunity to file a statement as to why he should still be allowed to sue them under 42 U.S.C. § 1983; (iv) extended plaintiff's time to serve defendant Pashcow; and (v) directed plaintiff to execute a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL § 160.50(1)(d)." Subsequently, on May 11, 2006, Magistrate Judge Eaton entered an order **[29]** denying plaintiff's motion to amend and supplement his Second Amended Complaint and dismissing claims against defendants Elfe and Davis.

Plaintiff thereafter filed another motion **[32]**, dated May 21, 2006, but not received by the court until June 14, 2006, when it was forwarded to the court by defense counsel. This seventeen page document: (i) sought reconsideration of Judge Eaton's May 3 order that directed plaintiff to designate defendant's counsel as an agent for access to sealed records; (ii) sought reconsideration of Judge Eaton's May 11 order that denied plaintiff's request to amend or supplement the Second Amended Complaint; (iii) gave "Notice of Appeal" of Judge Eaton's orders denying plaintiff's request to appeal the January 18 order, denying his request for judicial solicitude in locating and an enlargement in which to serve non-governmental defendants, and denying his motion to amend and supplement his Second Amended Complaint; (iv) moved Judge Eaton to appoint him counsel; (v) sought to add the New York Daily News as a defendant; and (vi) sought clarification as to several matters, including which claims and defendants remained in the action. Plaintiff filed yet another motion **[34]**, dated June 13, 2006 and received by the court on June 16, 2006, entitled "Statement in Support of Claim." This sixteen page document described the theories of liability on which, and the defendants against whom, plaintiff believed he should be allowed to proceed, and insisted that not all

4

of his claims were premised on 42 U.S.C. § 1983 liability.[1]  Most of the described claims and defendants were explicitly dismissed in Judge Mukasey's March 15, 2004 order.

On June 19, 2006, Judge Eaton entered a Memorandum and Order **[31]** that: (i) again directed plaintiff to execute a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL § 160.50(1)(d)" or else Judge Eaton would recommend that this Court dismiss the action; (ii) denied plaintiff's motion to reconsider his May 11, 2006 order; (iii) denied plaintiff's motion for the court to appoint counsel; (iv) denied plaintiff's request to add the New York Daily News as a defendant; (v) restated which claims from his Second Amended Complaint were still viable; and (vi) deemed plaintiff's "Notice of Appeal" as an appeal to this Court.

Before plaintiff had received this order, he submitted another motion **[35]** entitled "Motion for Judgment on the Pleadings," received by the court on June 21, 2006. Plaintiff again moved Judge Eaton to appoint him legal counsel, again moved for permission to amend his Second Amended Complaint, despite that motion having been previously made and denied and the motion to reconsider the denial also denied, and preemptively sought permission to appeal denial of such relief to the United States Court of Appeals for the Second Circuit.  The plaintiff also requested that Judge Eaton delineate which of the twenty-two causes of action set forth in the forty-six page Second Amended Complaint had been dismissed, and the legal basis for the dismissal.  This brings the Court, at long last, to plaintiff's final motion **[37]**, dated June 21, 2006, received by the

---

[1] The Court notes for plaintiff's benefit that 42 U.S.C. § 1983 allows a plaintiff to sue when he or she is injured by the violation of the United States Constitution or federal law by a state or local official.  Thus, plaintiff's allegations of due process violations, Eighth Amendment violation, retaliation for the exercise of constitutional rights, and denial of due process or equal protection of the law against state and local officials are all properly brought under § 1983.  They are not independent causes of action.  Such constitutional violations may not normally be brought against *private* defendants unless authorized by other federal laws.  *See, e.g.*, *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

court on July 10, 2006, and entitled "Notice of Appeal with Request to Hold in Abeyance." Therein, plaintiff challenges essentially every ruling made by Judge Eaton since the case was referred to him six months earlier.

**Standard of Review**

28 U.S.C. § 636 defines the standard for review of a Magistrate Judge's orders, depending on whether they are dispositive or not. When reviewing a dispositive order, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). A judge may reconsider a pretrial order regarding non-dispositive issues "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A decision is "clearly erroneous" when the Court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

**Discussion**

In addition to objecting to numerous of Judge Eaton's orders, the plaintiff asks for clarification of the effect of Judge Mukasey's order and which claims and defendants remain in this litigation. The Court will oblige him. Judge Mukasey's order, dated March 15, 2004, found plaintiff's original complaint to be defective in its entirety. Judge Mukasey permitted amendment as to certain defective claims. These included: (1) a claim that defendants violated plaintiff's due process rights in failing to provide plaintiff adequate notice and opportunity to be heard regarding his claiming of his seized

property;[2] and (2) a claim of a wrongful municipal policy that violated his constitutional rights. Judge Mukasey did not grant plaintiff leave to add additional claims.[3]

Judge Mukasey dismissed all other claims and certain defendants, without granting plaintiff leave to amend to cure the defects, and directed plaintiff to remove those claims and defendants from the complaint. This included dismissing: (1) all claims for false arrest, false imprisonment, and malicious prosecution as failing under *Heck v. Humphries*, 512 U.S. 477, 489 (1994); (2) all claims for retaliation and alleging a conspiracy as insufficiently pled; (3) all claims seeking damages for property that defendants allegedly lost or damaged because an adequate post-deprivation remedy existed; (4) all claims against Judge Bonnie Wittner and New York District Attorney Robert Morgenthau on immunity grounds; and (5) all claims against Irving Langer, Joel Pashcow, 1833 Seventh Avenue Co., Galil L.L.C., and Chrysler Financial Co. L.L.C., as private parties.

Plaintiff first amended complaint failed to remove these dismissed claims and defendants and added new claims and defendants without leave of the court. Thus, Judge Mukasey issued an order, dated March 25, 2005, directing plaintiff to file another amended complaint that did comply with the earlier order. Despite the fact that the Second Amended Complaint still failed to comply, Judge Mukasey transferred the action to this Court. Judge Mukasey's transfer of the case to this Court rather than directing

---

[2] In addition to directing plaintiff to plead in more detail the details supporting this claim, Judge Mukasey also directed plaintiff to name as defendants the individuals who were personally responsible for the alleged deprivation of his due process rights in failing to provide plaintiff adequate notice and opportunity to be heard regarding his claiming of his seized property. Plaintiff's first amended complaint failed to name any additional defendants and the Second Amended Complaint did not name additional defendants personally involved in this alleged constitutional violation.

[3] A "party may amend . . . only by leave of court." Fed. R. Civ. P. 15(a). Because Judge Mukasey did not grant leave for plaintiff to add new claims, new claims in the Second Amended Complaint are not properly before the Court and will not be considered. The Court further declines to grant leave to amend the Second Amended Complaint, as it is now up to seven years after the events that form a basis of the complaint.

7

plaintiff to file a third amended complaint or dismissing the action altogether in no way indicated that all causes of action in the Second Amended Complaint were legally sufficient.

So as to avoid any further confusion, the Court will specify which claims from the Second Amended Complaint are still viable. The twelfth through sixteenth, eighteenth, twentieth, and twenty-first causes of action all concern the search and seizure of plaintiff's property after the issuance of a search warrant by Judge Wittner and the treatment of such property after being seized. Judge Mukasey allowed plaintiff to proceed on one theory among these causes of action—that defendants deprived him of his property without due process of law by failing to provide him with notice of the procedure for recovering property seized by the Police Department and contesting the transfer of property to a third party. This claim is specifically contained in the twelfth and sixteenth cause of action, in which plaintiff alleges: his requests that his property from his apartment be vouchered were denied (Second Amended Complaint ¶ 202); he never received a voucher and was not otherwise instructed on how to claim his vehicle (*id.* ¶ 244); "Plaintiff's agents made a timely demand upon the defendants" for the vehicle (*id.* ¶ 247); he was up-to-date on his car payments (*id.*); plaintiff received no notice of the impending transfer of his vehicle to a third party (*id.*); and plaintiff was incarcerated and had no access to the rules that detail the procedure for claiming his property (*id.*).

In *Butler v. Castro*, the Second Circuit allowed a plaintiff to proceed in a § 1983 action alleging a violation of due process rights for failure to provide adequate notice of the procedure by which he could recover seized property. 896 F.2d 698 (2d Cir. 1990).

The Court found that the failure to provide plaintiff with a voucher explaining the procedures, the failure of the New York City Administrative Code to outline those procedures, and the "early, earnest, and documented attempts to recover [plaintiff's] property" were sufficient to state a due process claim. *Id.* at 703.  In *Mackey v. Property Clerk of the New York City Policy Department*, the court denied a motion to dismiss a complaint based on similar allegations.  26 F. Supp. 2d 585, 589–90 (S.D.N.Y. 1998). The court rejected defendant New York City's argument that it could not be held liable in the absence of a policy or custom, finding that the failure of the City to amend the Administrative Code to properly outline the procedures gave rise to an inference that the City violated the due process rights of plaintiff and others similarly situated.  *Id.* at 590. Since these decisions, the Rules of the City of New York have been amended to reflect the constitutionally required procedures governing recovery of seized property, but the New York City Administrative Code remains unchanged.

Pursuant to these decisions, plaintiff may proceed under this due process claim. Plaintiff adequately alleges that he was not provided with a voucher, he was unable to learn of the procedures, and he was deprived of his property as a result.  The amendment of the Rules of the City of New York to detail the procedure for recovering seized property may ultimately preclude a § 1983 action based on inadequate notice, but that question has not been squarely presented to the Court.  At least at this preliminary stage, plaintiff has sufficiently alleged that he was unable to discover the procedures on account of his incarceration and the continuing failure of the New York City Council to update the Administrative Code.  As to defendants, plaintiff failed to name additional defendants in this cause of action, such as the property clerk of the New York City Police

9

Department, despite two chances and explicit instructions. The Court declines to grant him leave at this late stage. No currently named individual defendants are implicated in this claim. Therefore, plaintiff may only proceed against the City of New York.

Judge Mukasey also granted plaintiff leave to amend his complaint in order to detail his claims regarding alleged wrongful municipal policy. The twenty-second cause of action in the Second Amended Complaint alleges that the City of New York has a policy and custom of, inter alia, retaliating against the plaintiff for exercising his constitutional rights, deliberate indifference to the rights of the plaintiff, and denying plaintiff's due process rights. In order to proceed against a municipal defendant under § 1983, a plaintiff must allege that the officials who violated his constitutional rights were acting pursuant to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As stated above, plaintiff has adequately alleged the existence of a municipal policy that fails to provide adequate notice of how to reclaim seized property. However, all other allegations of municipal policies, particularly those contained in the twenty-second cause of action, are conclusory and insufficient as a matter of law. *See Butler*, 896 F.2d at 700 (conclusory allegations of a policy, "without evidentiary support or allegations of particularized incidents," do not state a valid § 1983 claim). Therefore, the Court dismisses each of these claims of wrongful municipal policy.

Finally, Palacio brings it to the Court's attention that the charges against him for violating a temporary order of protection were dismissed. (Second Amended Complaint ¶ 189.) It appears that Judge Mukasey's dismissal of plaintiff's claims of false arrest and false imprisonment concerning that charge on the grounds that he failed to allege that the

prosecution terminated favorably may have been premature. (3/15/2004 Order 2–3); *see Heck,* 512 U.S. at 489. Because the plaintiff is a pro se litigant, the Court is reluctant to deny him an opportunity to proceed on these claims based solely on his failure to allege termination in his favor in his original complaint. Therefore, the Court will permit plaintiff to proceed with these claims as alleged in the tenth and eleventh causes of action. *See Brower v. County of Inyo*, 489 U.S. 593, 599 (1989) ("unreasonable seizure" actionable under § 1983); *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 39 (1985) (setting out elements of § 1983 false arrest claim and false arrest claim under New York state law, which are "substantially the same"); *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975) (setting forth elements of false arrest claim under New York state law).[4] The only named defendant alleged to have been personally involved in this violation was Detective Glenn Carboni (Second Amended Complaint ¶ 159); as such, defendant may only proceed against him.

## I.     Magistrate Judge Eaton's Orders

The Court now turns to plaintiff's enumerated challenges to Judge Eaton's orders. The Court finds it most efficient to proceed chronologically through the orders and only consider additional rulings (as opposed to denials of motions to reconsider) in each subsequent order.

### A.     January 18, 2006 Order

Judge Eaton's January 18 order limited service by the U.S. Marshal's Office to six of the twelve named plaintiffs. He did so to give effect to Judge Mukasey's March 15, 2004 order dismissing certain defendants because plaintiff had failed to remove them

---

[4] The Court notes that a showing by defendant of the presence of probable cause is a complete defense to these claims. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

11

from the caption.  At this time, he did not actually dismiss the private defendants (in fact, in a later order he permitted plaintiff to file a statement as to why he should be allowed to sue non-government individuals), but instead denied plaintiff public assistance in serving defendants who Judge Mukasey made clear were not properly before the court.  This order, conserving scarce judicial resources, was neither contrary to law nor clearly erroneous.  The Court affirms Judge Eaton's decision to limit service to defendants who were not explicitly dismissed by Judge Mukasey's March 15, 2004 order.

### B.     May 3, 2006 Order

Judge Eaton's May 3 order: (i) denied plaintiff's motion for permission to take an interlocutory appeal of the January 18 order; (ii) denied plaintiff's motion for judicial solicitude in locating defendants Jackie Elfe and Franklin Davis; (iii) denied plaintiff's motion for enlargement of time to serve defendants Elfe and Davis; and (iv) directed plaintiff to execute a "designation of Agent for Access to Sealed Records."

The Court affirms Judge Eaton's denial of permission to file an interlocutory appeal.  A district judge may certify a question for interlocutory appeal if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  First, Judge Eaton properly denied this motion because a United States Court of Appeals cannot review a magistrate judge's order until the district court "conducts the required review" and "issues a final order."  *LoSacco v. City of Middleton*, 71 F.3d 88, 91 (2d Cir. 1995).  Second, the Court shares Judge Eaton's view that plaintiff has not raised any

12

controlling question of law and is not entitled to an interlocutory appeal under 28 U.S.C. § 1292(b).

The Court also affirms Judge Eaton's denial of plaintiff's motion for judicial solicitude in locating defendants Jackie Elfe and Franklin Davis and plaintiff's motion for enlargement of time to serve defendants Elfe and Davis.  As Judge Eaton correctly pointed out, plaintiff has not alleged any facts demonstrating how these defendants action could be considered "state action."  A claim under § 1983 "does not provide a remedy for all constitutional injuries, but only for those caused by persons who either are state actors or acting 'under color' of state law."  *Annunziato v. The Gan, Inc.*, 744 F.2d 244, 249 (2d Cir. 1984).  It was not clearly erroneous to deny judicial solicitude and an enlargement of time concerning service of parties not properly before the Court.

While plaintiff's concern about unsealing his criminal record is no doubt genuine, the Court nonetheless affirms Judge Eaton's direction that plaintiff execute a "Designation of Agent for Access to Sealed Records Pursuant to NY CPL § 160.50." Plaintiff himself recognizes that these records are necessary to continue with this litigation.  (*See* Second Amended Complaint ¶ 349(c).)  To assuage his concerns, the Court will also direct defendants' counsel to restrict the use of this information to these proceedings.  Plaintiff has until **July 20, 2007** to execute the form.  If he fails to do so, the Court will dismiss the complaint for failure to prosecute.

### C.    May 11, 2006 Order

Judge Eaton's May 11 order: (i) denied plaintiff's motion to amend and/or supplement his Second Amended Complaint; and (ii) dismissed plaintiff's claims against defendants Jackie Elfe and Franklin Davis.  The Court affirms both orders.  While leave

13

to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15, particularly to pro se litigants, plaintiff has already had two chances to amend with specific instructions from Judge Mukasey on how to properly do so.  Even if plaintiff disagreed with Judge Mukasey's order, he had an obligation to comply with them.  Yet both amendments blatantly failed to remove dismissed claims and defendants and add proper defendants.  Now, over seven years after the events in question, it is simply too late for any additional amendments.  Plaintiff is entitled to litigate the claims against the City of New York that are explicitly allowed herein.  Therefore, the Court affirms Judge Eaton's denial of the motion to amend and supplement the Second Amended Complaint.  The Court also affirms Judge Eaton's dismissal of defendants Elfe and Davis, as private parties, for the reasons described above.

### D.      June 19, 2006 Order

Judge Eaton's June 19 order: (i) denied plaintiff's request to name the Daily News as a defendant; and (ii) denied plaintiff's request for appointed counsel.  As discussed earlier, the New York Daily News is not a party to this action and it was proper not to allow plaintiff to add it as a defendant.  Plaintiff also challenges Magistrate Judge Eaton's denial of plaintiff's request for appointed counsel.  As an initial matter, plaintiff has no right to counsel as a plaintiff in civil litigation.  Instead, the Court can in its discretion order that the Pro Se Office seek counsel for plaintiff, in which case plaintiff's matter will be placed on a list that is circulated to attorneys who are members of the Pro Bono Panel of the Court.  As a non-dispositive order, Judge Eaton's denial of plaintiff's motion to assign counsel will be disturbed only if clearly erroneous or contrary to law standard.  The Second Circuit has held that "counsel should not be appointed in a case where the

merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). Judge Eaton found that plaintiff's claim is not one of substance, and "does not justify using the scarce resource of volunteer lawyers." (June 19, 2006 Order ¶ 4). Judge Eaton applied the correct legal standard and his determination was not clearly erroneous. Therefore, his denial of plaintiff's motion to appoint counsel is affirmed.

## II.     Chief Judge Mukasey's Orders

To the extent that plaintiff seeks to appeal Chief Judge Mukasey's dismissal of plaintiff's other claims, this Court is unable to directly review the decisions of another United States District Court judge on appeal. *See* 28 U.S.C. § 1291 ("the courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States"). When this action eventually terminates, plaintiff at that time may file an appeal to the United States Court of Appeals for the Second Circuit challenging Judge Mukasey's order.

## CONCLUSION

For the reasons stated above, Judge Eaton's orders are affirmed with the above modifications. The Court further orders as follows:

1. **Plaintiff may proceed against the City of New York on his claim of constitutionally inadequate notice as to the procedure for reclaiming his property and contesting its transfer to a third party and against Glenn Carboni on his claims of false arrest and false imprisonment.**
2. **All other claims and defendants have been, or are hereby, dismissed with prejudice.**

15

3.  **The Clerk of the Court is directed to terminate all defendants from the caption of this case other than the City of New York and Glenn Carboni.**

4.  **Plaintiff is directed to execute a "Designation of Agent for Access to Sealed Records Pursuant to NY CPL § 160.50," designating Corporation Counsel Michael A. Cardozo, and mail the completed form to: Judge Richard J. Holwell, 500 Pearl St., Room 1950, New York, NY 10007. If plaintiff fails to mail the letter by July 20, 2007, this Court will dismiss the action. No extensions will be granted. For plaintiff's convenience, a copy of the form is attached to this opinion.**

The case is hereby returned to Magistrate Judge Eaton for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
May 31, 2007

Richard J. Holwell
United States District Judge

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Heriberto Palacio, Date of Birth ___/___/___ SS# _____-_____ pursuant to CPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v. Heriberto Palacio</u>, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or about April 10, 2000, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

_____
Heriberto Palacio

STATE OF NEW YORK, )
                   : SS:
COUNTY OF          )

On this _____ day of _____, 2006, before me personally came Heriberto Palacio, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC