USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

HERIBERTO PALACIO,

        Plaintiff,

- against -

THE CITY OF NEW YORK, ET AL.,

        Defendants.

------------------------------------------------------

04-cv-01990-RJH-DFE

**ORDER**

     On November 19, 2008, Magistrate Judge Douglas F. Eaton issued a Report and Recommendation ("Report"), which proposed that the Court impose three sanctions for Plaintiff's refusal to comply with a discovery order issued June 11, 2008 (the "Discovery Order"). The Report proposed that the Court (1) dismiss with prejudice Plaintiff's claims for false arrest and false imprisonment; (2) order Plaintiff to pay Defendants' reasonable expenses, including attorneys' fees, incurred as a result of Plaintiff's refusal to comply with the Discovery Order; and (3) stay further proceedings in this action until such payment was made. *See* Report, at 17-18. Objections to the Report were due by December 5, 2008. *Id.* at 1, 18. On that date, the Court received from Plaintiff a motion to extend the time in which to object to the Report. *See* Notice of Motion, *Palacio v. New York*, 04 Civ. 1990 (Dec. 5, 2008) (Docket No. 58). In an endorsement dated December 5, 2008, the Court extended Plaintiff's time to object to the Report until January 5, 2009. *Id.* at 2. The Court has yet to receive objections to the Report.

     The district court will adopt a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The court, however, is required to make a *de novo*

determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189. If a party fails to object to a report within ten days of being served with it, the party waives his right to object, and appellate review of the district court's decision adopting the report is precluded absent unusual circumstances not present here. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

No clear error appears on the face of the record. While the "harsh remedy" of dismissal is only appropriate in extreme situations, *Lucas v. Mils*, 84 F.3d 535, 535 (2d Cir. 1996), Plaintiff, over a period of six months, has willfully and repeatedly refused to comply with the Discovery Order. *See* Report, at 15. Furthermore, Plaintiff was expressly warned that failure to comply with the Order would likely result in the dismissal of his claims for false arrest and false imprisonment. *Id.* at 4, 10. As discovery related to these claims goes directly to Defendants' ability to defend this action, the Court agrees both that Plaintiff's conduct has prejudiced Defendants and that lesser sanctions would be ineffective. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995) (in deciding whether to dismiss action, court should consider (i) duration of the offending conduct, (ii) whether notice was given that the conduct could result in dismissal, (iii) whether the conduct prejudiced the movant, (iv) the balance of the court's need to manage its docket against the parties' interests in being heard on the merits, and (v) the possibility that a lesser sanction would be effective).

Accordingly, the Court adopts the Report. Plaintiff's claims for false arrest and false imprisonment are dismissed with prejudice; Plaintiff is ordered to pay Defendants' reasonable expenses, including attorney's fees, caused by his refusal to comply with the Discovery Order; and proceedings in this action are stayed until such payment is made. Although the Report called for a minimum monetary sanction of $1,000, the Court, in an excess of caution, believes that sanctions should be based on the actual expenses incurred by Defendants. Accordingly, Defendants are directed to file an accounting of the expenses they incurred as a result of Plaintiff's refusal to comply with the Discovery Order as soon as reasonably possible.

SO ORDERED.

Dated: New York, New York
       January 13, 2009

_____
Richard J. Holwell
United States District Judge