UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
:
HERIBERTO PALACIO,                             :    04-cv-01990 (RJH)(DFE)
:
                        Petitioner,            :
:    **MEMORANDUM OPINION**
        -against-                              :    **AND ORDER**
:
THE CITY OF NEW YORK, ET AL.,                  :
:
                        Respondent.            :
:
----------------------------------------------------------x

On November 19, 2008, Magistrate Judge Douglas F. Eaton issued a Report and

Recommendation [55] ("Report"), which proposed that the Court impose sanctions for

plaintiff's refusal to comply with a discovery order issued June 11, 2008 (the "Discovery

Order"). The Report proposed that the Court (1) dismiss with prejudice plaintiff's claims

for false arrest and false imprisonment; (2) order plaintiff to pay Defendants' reasonable

expenses, including attorneys' fees, incurred as a result of plaintiff's refusal to comply

with the Discovery Order; and (3) stay further proceedings in this action until such

payment was made. *See* Report, at 17-18. Objections to the Report were due by

December 5, 2008. *Id*. at 1, 18. On that date, the Court endorsed a request from plaintiff

to extend the time in which to object to the Report. At the expiration of that time, no

objections had been filed or served by plaintiff, and the Court issued an order [58]

adopting the Report. On February 12, 2009 plaintiff filed a motion for reconsideration

[60] on the grounds that he had never received notice of his original time extension, and

on the same day filed a notice of interlocutory appeal [62]. On July 1, 2009, the Court of

Appeals dismissed the appeal for lack of jurisdiction because no final order had been issued by this Court. On September 22, 2009, this Court issued an order [65] granting plaintiff's motion for reconsideration, vacating its order adopting the Report, and allowing plaintiff until November 2, 2009 to file any objections he had to the Report. To date, the Court has neither received any objections to the Report nor any other communication, such as a letter requesting an extension of time in which to file objections, from plaintiff.

The district court will adopt a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The court, however, is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). Furthermore, the Second Circuit has indicated that the Court may sometimes need to make a *de novo* determination of a magistrate's recommendation to levy dispositive sanctions upon a litigant. *See Kiobel v. Millson* No. 07 -cv- 3903 (2d Cir. Jan. 8, 2010) (expressing possibility that *de novo* review is required for a Magistrate's issuance of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189.

Under either a *de novo* or clear error standard of review, the Court finds it appropriate to adopt the Report. While the "harsh remedy" of dismissal is only appropriate in extreme situations, *Lucas v. Mils*, 84 F.3d 535, 535 (2d Cir. 1996),

plaintiff, over a period of six months, has willfully and repeatedly refused to comply with the Discovery Order. *See* Report, at 15. Furthermore, plaintiff was expressly warned that failure to comply with the Order would likely result in the dismissal of his claims for false arrest and false imprisonment. *Id.* at 4, 10. As discovery related to these claims goes directly to Defendants' ability to defend this action, the Court agrees both that plaintiff's conduct has prejudiced Defendants and that lesser sanctions would be ineffective. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-54 (2d Cir. 1995) (in deciding whether to dismiss action, court should consider (i) duration of the offending conduct, (ii) whether notice was given that the conduct could result in dismissal, (iii) whether the conduct prejudiced the movant, (iv) the balance of the court's need to manage its docket against the parties' interests in being heard on the merits, and (v) the possibility that a lesser sanction would be effective). The Court also agrees that plaintiff should be ordered to pay defendant's reasonable expenses because his actions were not "substantially justified" and because no "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Report points out that the full amount of the fees might pose a substantial and unjust hardship to plaintiff, and concludes that the award should be set at $1,000, and this Court finds that to be a well reasoned approach.

Accordingly, the Court adopts the Report. Plaintiff's claims for false arrest and false imprisonment are dismissed with prejudice, and plaintiff is ordered to pay $1,000 towards Defendant's expenses, including attorney's fees, caused by his refusal to comply with the Discovery Order. Plaintiff is to make that payment within 60 days of the entry of this order or he will face dismissal of this action for lack of prosecution. Should

plaintiff require procedural assistance, he may contact the Pro Se Office of the United States District Court for the Southern District of New York, at 500 Pearl Street, Room 230, New York, New York 10007 (Telephone: 212-805-0175).

SO ORDERED.

Dated: New York, New York
January 15, 2010

Richard J. Holwell
United States District Judge